UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Derwin Jesus Mendoza Arias (A-Number: A-216-979-768), | No.  2:26-cv-01029-KES-EPG (HC) |
| Petitioner, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | Doc. 1 |
| Warden, California City Correctional Center; Field Office Director, San Diego Field Office, United States Immigration and Customs Enforcement; Todd M. Lyons, Acting Director, United States Immigration and Customs Enforcement; Kristi Noem, Secretary of Homeland Security; Pamela Jo Bondi, United States Attorney General, | |
| Respondents. | |

Petitioner Derwin Jesus Mendoza Arias is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 2.  The Court has previously addressed the legal issues raised by claim two of the petition. *See, e.g.*, *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025); *R.A.N.O. v. Wofford*, No. 1:25-CV-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026); *Omer G. G. v. Kaiser*, No. 1:25-CV-01471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025).

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 4. Respondents "agree[] that the factual and legal issues present here are not substantively distinguishable" from the cases cited by the Court.[1] Doc. 6 at 3. While respondents oppose the petition, they do not raise any new arguments. *See id.* at 1–3.

As respondents have not made any new legal arguments and have not identified any pertinent factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025), *R.A.N.O. v. Wofford*, No. 1:25-CV-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026), and *Omer G. G. v. Kaiser*, No. 1:25-CV-01471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025), the petition for writ of habeas corpus is GRANTED as to claim two, for the reasons addressed in those prior orders.[2]

Respondents are ORDERED to release petitioner Derwin Jesus Mendoza Arias (A-Number: A-216-979-768) immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

---

[1] Respondents indicate that ICE encountered petitioner in a county jail following an arrest and subsequently placed him in immigration custody. Doc. 6 at 2. Respondents do not provide any further information about circumstances of the arrest. Petitioner alleges he was stopped by local law enforcement due to the tint of his windows. Doc. 1 at 11. Respondents do not dispute this assertion, and the record does not reflect that petitioner was convicted of any charge. *Cf. Duncan v. California*, No. S-04-523 LKK/PAN, 2006 WL 1883385, at *2 (E.D. Cal. July 7, 2006) ("The contention that an arrest, without more, constitutes evidence of criminal activity is without merit."). Respondents do not argue that an arrest or conviction on this charge would have shifted the statutory authority regarding detention to 8 U.S.C. § 1226(c).

[2] The Court need not address petitioner's other claim as petitioner is entitled to the relief he seeks based on the Court's ruling on claim two.

The Clerk of Court is directed to close this case and enter judgment for petitioner.  The Clerk is also directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated:    April 2, 2026

_____
UNITED STATES DISTRICT JUDGE